UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHNNY CALVIN HARTWELL, SR.,  :
                Plaintiff,  :
                                                                  :
v.  :  **MEMORANDUM OPINION**
                                                                  :  **AND ORDER**
DEPARTMENT OF CORRECTIONS AND  :
COMMUNITY SUPERVISION; SULLIVAN  :  17 CV 684 (VB)
CORR. FAC. SUPT. WILLIAM F. KEYSER;  :
DEPUTY SUPT. SECURITY MARK ROYCE;  :
DEPUTY SUPT. SECURITY RUSSO; C.O.  :
WILLIAM ROYS; C.O. WILLY; C.O.  :
KINNEY,  :
                Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Johnny Calvin Hartwell, Sr., brings this action under 42 U.S.C. § 1983, alleging defendants employed by Department of Corrections and Community Supervision ("DOCCS") violated his constitutional rights while he was incarcerated at Sullivan Correctional Facility.

Pending before the Court is plaintiff's motion for reconsideration of a portion of the Court's March 21, 2019, Opinion and Order (Doc. #102), granting defendants' motion to dismiss claims against defendants Sullivan Supt. Keyser, Dep. Supt. Russo, Correction Officer ("C.O.") Kinney, and C.O. Wiltsie.[1] (Doc. #113). Plaintiff seeks reconsideration only as to Supt. Keyser. (Doc. #117 at 1 n.1).

For the reasons set forth below, the motion for reconsideration is DENIED.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154

---

[1]     Incorrectly sued herein as Willy.

F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see S.D.N.Y. Local Civ. R. 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Further, the motion "may not . . . advance new facts, issues, or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (internal quotation marks and citation omitted).

Plaintiff's allegations can be summarized as follows: He reported defendant C.O Roys to the DOCCS Inspector General after witnessing Roys assault a Sullivan inmate, in retaliation for which Roys sexually assaulted plaintiff. Plaintiff reported that assault to Supt. Keyser and other officials who failed to act. C.O. Roys then directed another inmate to stab plaintiff while another correctional officer watched and did not intervene.

The Court dismissed plaintiff's claims against Russo, Kinney, Keyser, and Wiltsie in the third amended complaint because plaintiff's claims were untimely and did not relate back under Rule 15(c) of the Federal Rules of Civil Procedure, which requires defendants to be on notice

that plaintiff intended to proceed against them.  See Mar. 21, 2019, Tr. at 8; see also Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013).

Plaintiff argues the Court should reconsider dismissing claims against Supt. Keyser, because plaintiff's claims against Supt. Keyser were not untimely as the statute of limitations was tolled based on plaintiff's pending grievance and the district court's temporary transfer of the case to the United States District Court for the Northern District of New York.  (Doc. #114 ("Pl. Br.") at 2–3).  Plaintiff also maintains reconsideration will prevent manifest injustice.

The Court finds reconsideration is not appropriate here.

Plaintiff improperly advances new facts and new legal arguments as to why the claims against Supt. Keyser should proceed.  First, plaintiff argues the Court overlooked the fact that plaintiff named Supt. Keyser in plaintiff's second amended complaint (Doc. #27), not only in his initially filed complaint (Doc. #2).  However, plaintiff never argued his claims against Supt. Keyser related back to the second amended complaint.  More importantly, however, the fact remains that Supt. Keyser was never served with the second amended complaint,[2] and therefore, he was not on notice that plaintiff sought to proceed against him within the limitations period. Hogan v. Fischer, 738 F.3d at 517 (permitting amendment under the relation back doctrine when "that party knew or should have known that, but for a mistake of identity, the original action would have been brought against it").

---

[2] While plaintiff attempted to name Supt. Keyser in a second amended complaint, the Court did not grant plaintiff leave to re-plead claims in a second amended complaint against any defendant except the "John Doe" inmate.  (Doc. #16 at 5 (allowing plaintiff "to file a second amended complaint naming the John Doe defendant")).  Moreover, plaintiff filed the second amended complaint without naming the John Doe inmate and naming previously dismissed defendants Supt. Keyser and Commissioner Annucci.  (Doc. #27).  Accordingly, the Court did not err in failing to direct service upon Supt. Keyser; plaintiff sought to amend without the Court's leave or his adversary's consent.

Second, plaintiff now contends—for the first time—that his claims were in fact timely against Supt. Keyser because of tolling and the Court's transfer of this case to the Northern District of New York. On reconsideration, a motion "may not . . . advance new facts, issues, or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. at 116. Therefore, plaintiff fails to demonstrate the Court overlooked controlling law or facts.

Plaintiff also contends the Court should grant reconsideration to prevent manifest injustice. However, the principal claims in this case, which are asserted against C.O. Roys and C.O. Royce, will proceed. Plaintiff fails to explain why dismissing time-barred claims against a third defendant constitutes manifest injustice.

Accordingly, plaintiff's motion for reconsideration is DENIED.

The Clerk is directed to terminate the motion. (Doc. #113).

Dated: June 13, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge